Eric J. Shimanoff (ejs@cll.com)
Jonathan Z. King (jzk@cll.com)
Joelle A. Milov (jam@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, NY 10036
(212) 790-9200
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
WEIGHT WATCHERS INTERNATIONAL, INC.,    :     Civil Action No.

                       Plaintiff,        :

           -against-             :     **COMPLAINT**

                                     :

GOLO, LLC.                              :     **JURY TRIAL DEMANDED**

                     Defendant.      :

                                     :
-------------------------------------------------------------- x

        Plaintiff Weight Watchers International, Inc. ("Plaintiff"), by and through its undersigned attorneys, for its complaint against Defendant Golo, LLC ("Defendant"), hereby alleges as follows:

<u>**INTRODUCTION**</u>

        1.     Plaintiff Weight Watchers International is a global wellness company and the world's leading commercial weight management service provider.  Established in 1963 by Queens homemaker Jean Nidetch in the basement of her apartment building, Plaintiff has become one of the most famous and trusted weight management companies in the world, helping people to lead healthier, more active and more fulfilling lives.  Plaintiff operates online through its website and other Internet tools, including its popular mobile app, and through in-person meetings at its company-owned and franchised operations.

26753/030/2494415

2.      Since 1997, Plaintiff's proprietary POINTS-branded weight-loss systems have been the core of Plaintiff's weight-loss plan.  Under the POINTS system, food and activities are assigned values according to a proprietary formula and followers of the system are assigned a personal daily value budget depending on their individual goals.

3.      Over the past two decades, Plaintiff and its licensees have widely used and promoted Plaintiff's family of POINTS names and marks in connection with this famous system, including POINTS, POINTSPLUS, POINTSFINDER, SMARTPOINTS and SMART POINTS, PROPOINTS, FLEXPOINTS and FLEX POINTS, FITPOINTS, ZEROPOINTS and ZERO POINTS. As a result of this long term and wide-spread use and promotion, Plaintiff's family of POINTS marks have become famous, indicating Plaintiff as the source and licensor of high quality and trusted goods and services.

4.      Long after and with full knowledge of Plaintiff's first use of its family of POINTS names and marks, Defendant adopted the confusingly similar and diluting mark FIT POINTS and has used such mark in connection with fitness, weight loss and weight control services and goods relating to such services.   Specifically, Defendant uses the mark FIT POINTS in connection with values assigned to physical activity as part of Defendant's weight loss plan.

5.      Plaintiff brings this action for trademark infringement, false designations of origin, trademark dilution, and unfair competition under the federal Lanham Act, 15 U.S.C. § 1051 *et seq*., and New York state law to protect its valuable intellectual property from irreparable harm, consumer confusion and trademark dilution that erodes and damages the reputation and goodwill Plaintiff has spent considerable time and resources developing.

2

## PARTIES

6.    Plaintiff is a Virginia corporation with offices at 675 Avenue of the Americas, New York, NY 10010.

7.    On information and belief, Defendant is a Delaware limited liability company with offices at 630 Churchmans Road Suite 200, Newark, Delaware 19702, and regularly does and/or transacts business in this District, and has engaged and participated, directly or contributorily, in the unlawful acts set forth herein, including in this District.

## JURISDICTION AND VENUE

8.    This Court has original jurisdiction over the claims arising under the Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction over the claims arising under the laws of New York pursuant to 28 U.S.C. § 1367.

9.    Venue is properly laid in this District pursuant to 28 U.S.C. §1391.

## PLAINTIFF'S BUSINESS AND TRADEMARKS

10.    Plaintiff is a leading provider of weight management and wellness services, operating globally through a network of company-owned and franchise operations.

11.    In the over five decades since its founding, Plaintiff, directly and through its licensees, has been engaged in the business of developing, marketing and selling weight loss, weight control, food intake, nutrition and fitness services and products relating to such services, including written and digital publications, recipes, DVDs, motivational books, cookbooks, magazines, journals and food products ("Plaintiff's Goods and Services").

12.    Plaintiff has become one of the most well-known and trusted weight loss and wellness companies among consumers.

13. Upon information and belief, Plaintiff is the leading provider of paid digital subscription weight management products in the United States and world-wide.

14. Plaintiff is famous for its POINTS-branded weight loss and fitness plans, which were first introduced in 1997 to assist consumers in making smarter and healthier choices about food. Since then, the POINTS-branded plans have been the core of Plaintiff's system for weight loss and maintenance. The POINTS-branded systems are unique to Plaintiff. Plaintiff's innovative method for weight loss and maintenance has been recognized by the United States Patent and Trademark Office ("USPTO"), which has issued three patents conferring upon Plaintiff exclusive and proprietary rights in the practice of that method.

15. Under the POINTS-branded system, foods are assigned values based on proprietary formulas that have taken into account, among other factors, the foods' calories, fat, sugar, fiber and protein content. Depending on a consumer's individual goals, such as weight, gender and age, participants in Plaintiff's POINTS-branded programs are allotted a maximum daily value for food intake. Under the system, physical activities are provided values that can be swapped for additional food intake values under a proprietary formula that takes into account among other factors the type and length of the activity.

16. Over the past two decades, the POINTS-based programs have utilized and promoted a series of POINTS-formative marks, alone and with other words and/or designs, that all emphasize the term "POINTS" as the centerpiece of the brand (collectively, the "POINTS Marks").

17. Plaintiff first began using the marks POINTS and POINTSFINDER in connection with Plaintiff's Goods and Services in 1997. Thereafter, Plaintiff introduced the marks FLEX

26753/030/2494415

POINTS and FLEXPOINTS in connection with Plaintiff's Goods and Services as an enhancement to the POINTS-branded system.

18.     In 2010, Plaintiff modified its proprietary algorithm for computing food values under the POINTS-branded system, launching the mark POINTSPLUS in connection with Plaintiff's new program and related Goods and Services.  At or about the same time, Plaintiff launched the mark PROPOINTS in connection with Plaintiff's Goods and Services outside of North America.

19.     In 2015, based on a combination of advancements in scientific research and consumer insights, including from customers who experienced Plaintiff's prior POINTS-branded plans, Plaintiff again modified and enhanced its proprietary algorithm for computing food values under the POINTS-branded system, launching the marks SMART POINTS and SMARTPOINTS in connection with Plaintiff's Goods and Services.

20.     In 2017, Plaintiff introduced a list of foods under the POINTS-branded system in connection with the marks ZERO POINTS and ZEROPOINTS.  The consumption of these listed foods do not count toward a consumer's daily allotment under the POINTS-branded plans.

21.     As a natural complement to and extension of Plaintiff's existing family of POINTS Marks, in or about mid-2015, Plaintiff decided it would adopt the mark FITPOINTS in connection with Plaintiff's Goods and Services.  The FITPOINTS variation of the POINTS Marks was intended to designate an activity program in which physical activities and exercises would accumulate values to meet an individual's activity goals and the values, up to a certain limit, could be added to a consumer's daily food value allotment under the POINTS-branded plans.

5

22.    On or about June 24, 2015, Plaintiff conducted a trademark clearance search for prior marks identical or similar to FITPOINTS.  No common law use or registration of any mark by Defendant appeared in those search results.

23.    Having found no conflicting marks, on June 29, 2015, Plaintiff filed with the USPTO the following three intent-to-use trademark applications for the mark FITPOINTS in connection with Plaintiff's Goods and Services (the "FITPOINTS Applications"):

- App. Ser. No. 86678007 in International Class 41 for "Providing instruction and information in the field of physical fitness; providing instruction and information on physical fitness by means of a website, web-based applications and mobile phone applications;"

- App. Ser. No. 86699866 in International Class 16 for "Printed materials, namely, journals and trackers featuring information relating to fitness and activity;" and

- App. Ser. No. 86678000 in International Class 9 for "Electronics, namely, calculators and pedometers; computer software for tracking physical activity and exercise."

24.    Each of Plaintiff's FITPOINTS Applications was approved and published by the USPTO with no citation to any mark owned by Defendant.  Neither Defendant nor any third party opposed Plaintiff's FITPOINTS Applications when published in late 2015.

25.    On February 1, 2016, Plaintiff filed Statements Of Use for App. Ser. No. 86678007 (Class 41) and App. Ser. No. 86699866 (Class 16), with a date of first use of December 6, 2015 for each application.

26.    On April 12, 2016, App. Ser. No. 86678007 (Class 41) and App. Ser. No. 86699866 (Class 16) matured, respectively, into Reg. No. 4938459 and Reg. No. 4938497.

27.    Pursuant to Lanham Act Sections 1(b), 7(c), 15 U.S.C. §§ 1051(b), 1057(c), Plaintiff's priority rights in now matured Reg. No. 4938459 (Class 41) and Reg. No. 4938497 (Class 16) date back to the filing date of the applications, namely, June 29, 2015.

6

26753/030/2494415

28.     Plaintiff has not yet filed a statement of use for App. Ser. No. 86678000 (Class 9), which application remains allowed.

29.     Since they were first adopted in 1997, the POINTS Marks have suffused nearly every aspect of Plaintiff's Goods and Services and business and have been associated with nearly all of Plaintiff's revenue sources.

30.     Plaintiff extensively, consistently and continuously has used its POINTS Marks in connection with Plaintiff's Goods and Services over the past two decades, including in numerous written and digital materials provided to consumers in connection with Plaintiff's provision of Plaintiff's Goods and Services.   By way of example, Plaintiff has used the POINTS Marks in connection with meetings conducted by Plaintiff and its franchisees, digital offerings provided through Plaintiff's websites, mobile sites and apps, consumer products sold at meetings and through Plaintiff's websites, licensed and endorsed products sold in retail channels and magazine subscriptions and other publications.

31.     As of December 30, 2017, Plaintiff had a total of approximately 3.2 million subscribers worldwide and over 2.1 million subscribers in North America.   As of June 30, 2018, Plaintiff had increased its total subscribers to approximately 4.5 million worldwide and to approximately 3 million in North America.   The vast majority of these North American subscribers, who regularly confront Plaintiff's POINTS Marks, were located in the United States. Hundreds of thousands of meeting subscribers regularly see and interact with the POINTS Marks and the system they designate at weekly meetings offered across the United States.   Similarly, myriad online subscribers consistently view Plaintiff's online materials displaying, promoting and emphasizing the POINTS Marks and the program they designate.

26753/030/2494415

32.    Since 1997, Plaintiff and its licensees have sold billions of dollars' worth of Plaintiff's Goods and Services in connection with Plaintiff's POINTS Marks.

33.    Plaintiff realized global net revenue of over $1.3 billion for the fiscal year 2017, over $1.1 billion for the fiscal year 2016, over $1.1 billion for the fiscal year 2015, over $1.4 billion for the fiscal year 2014 and over $1.7 billion for the fiscal year 2013.   Plaintiff realized global net revenue of approximately $818 million for the six month period ending June 30, 2018. Plaintiff realized United States net revenue of over $846 million for the fiscal year 2017, over $743 million for the fiscal year 2016, over $700 million for the fiscal year 2015, over $869 million for the fiscal year 2014 and over $1 billion for the fiscal year 2013.

34.    Since 1997, Plaintiff has extensively, consistently and continuously promoted and advertised the sale and distribution of Plaintiff's Goods and Services in connection with Plaintiff's POINTS Marks.  Plaintiff and its licensees have spent millions of dollars advertising and promoting the POINTS Marks and the Plaintiff's Goods and Services they designate through various media and marketing materials, including without limitation magazines, newspapers, television commercials, radio commercials, Internet websites and ads, coupons, social media, mobile applications, word of mouth and printed materials.

35.    Plaintiff's Goods and Services offered in connection with Plaintiff's POINTS Marks have received significant unsolicited attention across a wide variety of media nationwide, including in magazines, newspapers, television shows, movies, books and Internet sites, and widespread recognition through word of mouth.

36.    Plaintiff's Goods and Services offered in connection with Plaintiff's POINTS Marks have received numerous positive awards and accolades, and are consistently ranked

26753/030/2494415

among the top brands of weight management programs, including by well-known and widely distributed publications such as U.S. News & World Report, Shape Magazine and WebMD.

37.    As a result of the widespread and significant sales and promotion of the POINTS Marks and Plaintiff's Goods and Services offered in connection with them, Plaintiff has built up highly valuable goodwill in its POINTS Marks, which have become closely and uniquely identified and associated with Plaintiff.

38.    As a result of the long and continuous use of the POINTS Marks, and Plaintiff's substantial investment of time, money and effort in advertising and promoting such marks, the POINTS Marks have developed substantial public recognition and fame among members of the consuming public.

39.    Included among Plaintiff's POINTS Marks are the following active federal registrations:

| Mark | Reg. No. | Reg. Date | Goods and Services |
|------|----------|-----------|--------------------|
| POINTS | 2139767 | 2/24/98 | Class 42: food nutrition consultation and advice |
| POINTS | 2185114 | 8/25/98 | Class 9: calculator |
| POINTS | 3163684 | 10/24/06 | Class 44: Providing weight reduction planning, treatment and supervision through weight reduction programs featuring counseling, creating diet regimes, and discussions; providing advice, consultation and information in the field of weight control and nutrition |
| SMARTPOINTS | 4919515 | 3/15/16 | Class 9: Electronics, namely, calculators, pedometers, diaries and day planners; food and body weighing apparatus; computer software for calculating food intake and physical activity |
| SMART POINTS | 4919518 | 3/15/16 | Class 44: Providing services for weight reduction planning, treatment and supervision; consultation services in the fields of weight reduction, weight control and nutrition; provision of information in the fields of weight reduction, weight control and nutrition; providing a website and online database |

9

| | | | |
|---|---|---|---|
| | | | featuring information concerning weight reduction, weight control and nutrition; providing information on weight reduction, weight control and nutrition accessible by means of web-based applications and mobile phone applications |
| SMARTPOINTS | 4919517 | 3/15/16 | Class 44: Providing services for weight reduction planning, treatment and supervision; consultation services in the fields of weight reduction, weight control and nutrition; provision of information in the fields of weight reduction, weight control and nutrition; providing a website and online database featuring information concerning weight reduction, weight control and nutrition; providing information on weight reduction, weight control and nutrition accessible by means of web-based applications and mobile phone applications |
| FITPOINTS | 4938459 | 4/12/16 | Class 41: Providing instruction and information in the field of physical fitness; providing instruction and information on physical fitness by means of a website, web-based applications and mobile phone applications |
| FITPOINTS | 4938497 | 4/12/16 | Class 16: Printed materials, namely, journals and trackers featuring information relating to fitness and activity |
| SMARTPOINTS | 4947809 | 4/26/16 | Class 41: Conducting seminars, lectures and workshops in the fields of weight loss, weight control, nutrition and fitness; providing instruction and information on physical fitness and activity, accessible by means of a website, web-based applications and mobile phone applications |
| SMARTPOINTS | 4974630 | 6/7/16 | Class 16: Publications, namely, magazines, books and newsletters in the fields of weight reduction, weight control, nutrition and fitness; diaries in the fields of weight reduction, weight control, nutrition and fitness; cookbooks and printed instructional teaching materials in the fields of weight reduction, weight control, nutrition and fitness |

40.    The above registrations are valid and subsisting, in full force and effect and owned by Plaintiff.  Many of these registrations, including Reg. Nos. 2139767, 2185114 and 3163684, have become incontestable.

41.    Plaintiff owns the following allowed applications for its POINTS Marks:

| Mark | Ser. No. | App. Date | Goods and Services |
|---|---|---|---|
| SMARTPOINTS | 86600057 | 4/16/15 | Class 9:  Electronics, namely, calculators, pedometers, diaries and day planners; food and body weighing apparatus; computer software for calculating food intake and physical activity |
| SMARTPOINTS | 86600136 | 4/16/15 | Class 16: Publications, namely, magazines, books and newsletters in the fields of weight reduction, weight control, nutrition and fitness; diaries in the fields of weight reduction, weight control, nutrition and fitness; cookbooks and printed instructional teaching materials in the fields of weight reduction, weight control, nutrition and fitness |
| SMARTPOINTS | 86600172 | 4/16/15 | Class 29: Frozen and prepared chilled meals consisting primarily of meat, fish, poultry or vegetables; frozen vegetables; frozen soy-based meat substitutes; yogurt; cheese; cheese spreads; soups |
| SMARTPOINTS | 86600189 | 4/16/15 | Class 29: Frozen and prepared chilled meals consisting primarily of meat, fish, poultry or vegetables; frozen vegetables; frozen soy-based meat substitutes; yogurt; cheese; cheese spreads; soups |
| SMARTPOINTS | 86600260 | 4/16/15 | Class 30: Frozen meals consisting primarily of pasta or rice; bakery products, namely, brownies, snack cakes, cookies, and muffins; bread and buns; bagels; rolls; breakfast cereal; cereal-based snack bars; chocolate candies; candy bars; flour-based chips; pretzels; baked multigrain chips; popcorn; oatmeal; frozen confections; ice cream; frozen pizza; frozen pizza snacks; frozen hand-held sandwiches |

| | | | |
|---|---|---|---|
| SMARTPOINTS | 86600272 | 4/16/15 | Class 30: Frozen meals consisting primarily of pasta or rice; bakery products, namely, brownies, snack cakes, cookies, and muffins; bread and buns; bagels; rolls; breakfast cereal; cereal-based snack bars; chocolate candies; candy bars; flour-based chips; pretzels; baked multigrain chips; popcorn; oatmeal; frozen confections; ice cream; frozen pizza; frozen pizza snacks; frozen hand-held sandwiches |
| SMARTPOINTS | 86600291 | 4/16/15 | Class 32: Non-alcoholic beverages, namely, cocktail mixes, fruit drinks, and fruit juices |
| SMARTPOINTS | 86600299 | 4/16/15 | Class 32: Non-alcoholic beverages, namely, cocktail mixes, fruit drinks, and fruit juices |
| SMARTPOINTS | 86600326 | 4/16/15 | Class 4: Conducting seminars, lectures and workshops in the fields of weight loss, weight control, nutrition and fitness; providing instruction and information on physical fitness and activity, accessible by means of a website, web-based applications and mobile phone applications |
| FITPOINTS | 86678000 | 6/29/15 | Class 9: Electronics, namely, calculators and pedometers; computer software for tracking physical activity and exercise |
|  | 86967792 | 4/7/16 | Class 44: Providing services for weight reduction planning, treatment and supervision; consultation services in the fields of weight reduction, weight control and nutrition; provision of information in the fields of weight reduction, weight control and nutrition |
|  | 86967762 | 4/7/16 | Class 44: Providing services for weight reduction planning, treatment and supervision; consultation services in the fields of weight reduction, weight control and nutrition; provision of information in the fields of weight reduction, weight control and nutrition |

| ZEROPOINTS | 87499989 | 6/21/17 | Class 44: Providing services for weight reduction planning, treatment and supervision; consultation services in the fields of weight reduction, weight control and nutrition; provision of information in the fields of weight reduction, weight control and nutrition; providing a website and online database featuring information concerning weight reduction, weight control and nutrition; providing information on weight reduction, weight control and nutrition accessible by means of web-based applications and mobile phone applications |
| --- | --- | --- | --- |
| ZEROPOINTS | 87499968 | 6/21/17 | Class 41: Conducting seminars, lectures and workshops in the fields of weight loss, weight control and nutrition; providing instruction on weight reduction, weight control and nutrition accessible by means of web-based applications and mobile phone applications |
| ZEROPOINTS | 87499950 | 6/21/17 | Class 16: Publications, namely, magazines, books and newsletters, diaries, cookbooks, and instructional teaching materials, all of the forgoing goods relating to weight reduction, weight control and nutrition |
| ZEROPOINTS | 87499928 | 6/21/17 | Class 9: Computer software and downloadable mobile applications for tracking weight, food intake and physical activity; computer software searching recipe, food and restaurant databases; computer software for providing information in the field of weight management; and downloadable mobile applications for scanning bar codes of food products for nutritional content |

42.    Plaintiff's POINTS Marks make up a family of POINTS Marks.  The POINTS Marks have a universal unifying feature—POINTS—and are used in such a way that the general public associates that feature as the centerpiece of all trademarks in the family uniquely with Plaintiff.  The purchasing public recognizes the POINTS feature as indicating the shared origin and source of Plaintiff's Goods and Services.  Plaintiff has widely and significantly used and promoted its POINTS Marks together as a family of marks in connection with Plaintiff's Goods and Services, including though the methods and media discussed above.  Upon information and

belief, consumers and the trade understand and refer to Plaintiff's POINTS Marks as a family of marks or in a manner indicating that they recognize Plaintiff's POINTS Marks as a family of marks.

43.     Plaintiff also has strong common law trademark rights, distinctiveness and secondary meaning in its family of POINTS Marks by virtue of the family of POINTS Marks' longstanding and well-recognized use in commerce in connection with Plaintiff's Goods and Services.

44.     Plaintiff's family of POINTS Marks have become familiar to millions of consumers who encounter Plaintiff's Goods and Services offered in connection with Plaintiff's POINTS Marks in a wide variety of commercial contexts.  Consumers know and recognize the family of POINTS Marks as designating goods and services of the highest and most reliable quality.  As a result of this constant exposure, promotion and use of the POINTS Marks, consumers and the trade associate the POINTS Marks, including Plaintiff's FITPOINTS marks and Plaintiff's family of POINTS Marks, exclusively with Plaintiff.

## **DEFENDANT'S ACTIVITIES**

45.     Long after and with full knowledge of Plaintiff's first use of its POINTS marks, Defendant adopted the confusingly similar and diluting mark FIT POINTS ("Defendant's FIT POINTS Mark") and have used such mark in connection with fitness, weight loss and weight control services and goods relating to such services ("Defendant's Goods and Services") in United States commerce, including within this District.

46.     Upon information and belief, Defendant manufactures, markets, promotes, advertises, offers for sale, sells and/or distributes Defendant's Goods and Services in connection with Defendant's FIT POINTS Mark in United States commerce, including in this District.

26753/030/2494415

47.     Upon information and belief, Defendant first began using Defendant's FIT POINTS Mark in connection with Defendant's Goods and Services in United States commerce and in the District nearly 20 years after Plaintiff first began using its own POINTS Marks.

48.     Upon information and belief, Defendant first began using Defendant's FIT POINTS Mark in connection with Defendant's Goods and Services in United States commerce and in this District after Plaintiff established rights in its family of POINTS Marks.

49.     Upon information and belief, Defendant first began using Defendant's FIT POINTS Mark in connection with Defendant's Goods and Services in United States commerce and in this District after Plaintiff's June 29, 2015 priority date of Plaintiff's FITPOINTS marks.

50.     Upon information and belief, Defendant uses Defendant's FIT POINTS Mark in a manner that mimics the sight, sound, and meaning of Plaintiff's POINTS Marks, including Plaintiff's FITPOINTS Mark and Plaintiff's family of POINTS Marks.

51.     Upon information and belief, Defendant markets, promotes, advertises, offers for sale, sells and/or distributes Defendant's Goods and Services in connection with Defendant's FIT POINTS Marks via Defendant's website, press releases, written materials, Internet sites and ads and various social media platforms, including by targeting consumers and providing Defendant's Goods and Services in connection with Defendant's FIT POINTS Mark within this District.

52.     Plaintiff has not authorized Defendant to manufacture,  market, promote, advertise, offer for sale, sell and/or distribute Defendant's Goods and Services in connection with Defendant's FIT POINTS Mark, or otherwise use Defendant's FIT POINTS Mark, in any manner.

53.     Upon information and belief, Defendant's Goods and Services offered in connection with Defendant's FIT POINTS Mark are identical, highly similar and/or closely

related to Plaintiff's Goods and Services offered in connection with Plaintiff's POINTS Marks, including Plaintiff's FITPOINTS marks and Plaintiff's family of POINTS Marks.

54.    Upon information and belief, Defendant's Goods and Services offered under and in connection with Defendant's FIT POINTS Mark are the type of goods and services that consumers would expect to originate from, be licensed or sponsored by, or be affiliated with Plaintiff and its POINTS Marks, including Plaintiff's FITPOINTS marks and Plaintiff's family of POINTS Marks.

55.    Upon information and belief, Defendant's Goods and Services offered in connection with Defendant's FIT POINTS Mark and Plaintiff's Goods and Services offered in connection with Plaintiff's POINTS Marks, including Plaintiff's FITPOINTS marks and Plaintiff's family of POINTS Marks, are targeted to the same or similar type of consumers through the same or similar trade channels.

56.    Defendant's FIT POINTS Mark is identical, nearly identical and/or highly similar to Plaintiff's POINTS Marks, including Plaintiff's FITPOINTS marks and Plaintiff's family of POINTS Marks.

57.    Defendant's use of Defendant's FIT POINTS Mark, including in connection with the manufacture, marketing, promotion, advertising, offering for sale, sale and/or distribution of Defendant's Goods and Services, including in this District, is likely to cause confusion as to the source and origin of Defendant's Goods and Services and to cause mistake, or to deceive the public by misleading consumers into believing that Defendant's Goods and Services emanate from, are approved, authorized, endorsed or sponsored by, or are in some way associated or connected with Plaintiff and its POINTS Marks, including its FITPOINTS marks and Plaintiff's family of POINTS Marks.

26753/030/2494415

58. Plaintiff's POINTS Marks, including its family of POINTS Marks, have been famous since long prior to the time Defendant began its infringing and diluting acts complained of herein.

59. Defendant's use of Defendant's FIT POINTS Mark, including in connection with the manufacture, marketing, promotion, advertising, offering for sale, sale and/or distribution of Defendant's Goods and Services, including in this District, impairs and blurs the distinctiveness of Plaintiff's famous POINTS Marks, including its family of POINTS Marks, and injures Plaintiff's reputation as the source of high quality goods and services.

60. Upon information and belief, Defendant was well aware of Plaintiff and Plaintiffs' use of Plaintiff's POINTS Marks, including its FITPOINTS marks and Plaintiff's family of POINTS Marks, at the time Defendant selected Defendant's FIT POINTS Mark, and in fact chose Defendant's FIT POINTS Mark precisely because of the mark's connection to Plaintiff's famous POINTS Marks in order to trade on the goodwill and reputation of Plaintiff and exploit consumer confusion.

61. Defendant's acts described above have caused Plaintiff to sustain damage, loss, and injury, in an amount to be determined at trial.

62. Defendant's conduct as described above has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law.

## THE USPTO PROCEEDINGS

63. On June 24, 2016, Defendant filed with the USPTO App. Ser. No. 87083537 for the mark GOLO FIT POINTS in International Class 44 for "Health care services for individuals, namely, weight loss program services, weight loss diet planning and supervision, weight

management programs, and consulting services in the fields of diet, weight loss, diet planning, lifestyle wellness, health and nutrition" with a claimed first use date of November 27, 2015, which date is after Plaintiff's June 29, 2015 constructive first use date for its FITPOINTS marks and decades after Plaintiff's first use date of its POINTS Marks.

64.     On October 5, 2016, the USPTO issued an office action refusing to register Defendant's GOLO FIT POINTS mark in App. Ser. No. 87083537 due to a likelihood of confusion with Plaintiff's prior registered FITPOINTS marks.

65.     On March 28, 2017, nearly one year after filing App. Ser. No. 87083537, Defendant amended its first use date to May 2, 2013, a date nearly two and half years prior to its originally-claimed first use date.  On information and belief, Defendant's representation to the USPTO of a claimed first use date of May 2, 2013 for the mark in App. Ser. No. 87083537 is false.

66.     On February 7, 2017, Defendant filed with the USPTO App. Ser. No. 87327878 for the mark FIT POINTS in International Class 44 for "Health care services for individuals, namely, weight loss program services, weight loss diet planning and supervision, weight management programs, and consulting services in the fields of diet, weight loss, diet planning, lifestyle wellness, health and nutrition."

67.     On April 7, 2017, the USPTO issued an office action refusing to register Defendant's FIT POINTS mark in App. Ser. No. 87327878 due to a likelihood of confusion with Plaintiff's prior registered FITPOINTS marks.  This application was abandoned after Defendant failed to respond to the office action.

68.     On March 30, 2017, Defendant filed Cancellation Proceedings Nos. 92065762 and 92065771 in the USPTO's Trademark Trial and Appeal Board ("TTAB") seeking to cancel

18

Plaintiff's Reg. No. 4938459 and Reg. No. 4938497 for Plaintiff's FITPOINTS marks in International Classes 16 and 41.  Defendant alleged it had priority in Defendant's FIT POINTS Mark and that Plaintiff's continued registration of Plaintiff's FITPOINTS Marks would result in a likelihood of confusion with Defendant's FIT POINTS Mark.

69.     The TTAB proceedings were consolidated and currently are suspended upon consent of the parties.

**COUNT I**

**INFRINGEMENT OF A REGISTERED TRADEMARK (FEDERAL)**

70.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 69 as if fully set forth herein.

71.     Defendant's activities as described above constitute infringement of Plaintiff's registered POINTS Marks, including its FITPOINTS marks and family of POINTS Marks, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

**COUNT II**

**FALSE DESIGNATION OF ORIGIN (FEDERAL)**

72.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 71 as if fully set forth herein.

73.     Defendant's activities as described above constitute the use in commerce of false designations of origin, sponsorship or approval in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

26753/030/2494415

## COUNT III

## <u>TRADEMARK DILUTION (FEDERAL)</u>

74.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 73 as if fully set forth herein.

75.     Plaintiff's POINTS Marks, including its FITPOINTS marks and family of POINTS Marks, are famous and distinctive among the general consuming public in the United States, and have enjoyed such fame and distinctiveness since long before Defendant adopted and began use Defendant's FIT POINTS Mark.

76.     Defendant's activities as described above are likely to dilute Plaintiff's POINTS Marks, including its FITPOINTS marks and family of POINTS Marks, by impairing the distinctiveness of Plaintiff's famous POINTS Marks in violation Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

## COUNT IV

## <u>NEW YORK STATE DILUTION</u>

77.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 76 as if set forth herein.

78.     Plaintiff's POINTS Marks, including its FITPOINTS marks and family of POINTS Marks, are famous and distinctive in New York and have enjoyed such fame and distinctiveness in New York since before Defendant adopted and began use of Defendant's FIT POINTS Mark.

79.     Defendant's activities as described above blur the source-identifying capacity and dilute the distinctiveness of the Plaintiff's POINTS Marks, including its FITPOINTS marks and

family of POINTS Marks, in violation of Plaintiff's rights under New York General Business Law § 360-l.

## COUNT V

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION (COMMON LAW)

80.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 79 as if set forth herein.

81.    Defendant's activities as described above constitute trademark infringement and unfair competition under the common law of the State of New York State.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A.    That Defendant, its agents, servants, officers, directors, employees, partners, representatives, successors and assigns, and all those persons or entities in active concert or participation with any of them who receive actual notice of the injunctive order, be enjoined, preliminarily and permanently, from:

(1)    Any manufacture, production, sale, distribution, advertisement, promotion, display or other exploitation of Defendant's FIT POINTS Mark;

(2)    Any use of Plaintiff's POINTS Marks, including its FITPOINTS marks and family of POINTS Marks, or any other marks, designs, products, designations or displays confusingly similar thereto;

(3)    Committing any other acts calculated or likely to cause consumers to believe that Defendant and/or Defendant's Goods and Services are in any manner connected, affiliated or associated with or sponsored or approved by Plaintiff; and

(4)     Committing any other acts likely to infringe or dilute Plaintiff's family of POINTS Marks or that constitute unfair competition with Plaintiff.

B.     Pursuant to 15 U.S.C. § 1118, that Defendant deliver to Plaintiff for destruction all units of the materials bearing Defendant's FIT POINTS Mark (including without limitation all advertisements, promotional materials, brochures, signs, displays, packaging, labels, stationary, business cards, website materials, and/or invoices), within Defendant's possession, custody or control, either directly or indirectly, or any other marks, designs, products, designations or displays confusingly similar thereto.

C.     Pursuant to 15 U.S.C. § 1116, that Defendant files with the Court and serve on counsel for Plaintiff within thirty (30) days after the entry of final judgment, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with paragraphs A and B above.

D.     Pursuant to 15 U.S.C. § 1117(a), that Defendant be directed to account to Plaintiff for all gains, profits and advantages derived from Defendant's wrongful acts;

E.     Pursuant to 15 U.S.C. § 1117(a), that Plaintiff recover from Defendant the greater of three times the amount of Defendant's profits or any damages sustained by Plaintiff, together with interest on such amount and the costs of this action;

F.     Pursuant to 15 U.S.C. § 1117(a), that Plaintiff recover from Defendant its attorneys' fees and costs in this action.

G.     That Plaintiff be awarded such other and further relief as the Court may deem equitable and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

22

26753/030/2494415

Dated: September 28, 2018                Respectfully submitted,

                                         By:____s/ Eric J. Shimanoff_____

                                         COWAN, LIEBOWITZ & LATMAN, P.C.
                                         Eric J. Shimanoff (ejs@cll.com)
                                         Jonathan Z. King (jzk@cll.com)
                                         Joelle A. Milov (jam@cll.com)
                                         114 West 47th Street
                                         New York, NY 10036
                                         (212) 790-9200
                                         *Attorneys for Plaintiff*

26753/030/2494415